The opinion of the court was delivered by
DeBlanc, J.
On March 2d, 1855, Pierre Deverges mortgaged to Mrs. ■de St. Romes, certain property, including twelve lots of ground, to secure ■a note of $12,988,95c, of even date with the mortgage, and 'payable one year after its date to plaintiffs order. The mortgage then granted was only recorded, but never re-inscribed.
On the 8th of July 1857, by means of a false certificate, Devergés— the maker of said note — procured the cancellation of the mortgage *49 given by Mm to Mrs. de St. Romes, on the 2d of March 1855, and, in September 1857 — sold to P. E. Wiltz the twelve lots ground which he had previously hypothecated to secure the payment of his note to plaintiff.
In January 1860, P. E. Wiltz sold to Henry Wiltz the lots he had purchased from Deverges. In 1861, Henry Wiltz sold said lots to Robert Wynnie, who — in December of that year — resold the same to P. E. Wiltz. The latter, as a part of the consideration of said re-sale, assumed the payment of two notes of each $1375, given by Robert Wynnie to Henry Wiltz, Ms vendor, and which represented two of the instalments of the price of said lots.
Morel and Isnard became the owners of the two notes herein before mentioned, in 1861, before their maturity and before the institution of plaintiff’s suit to have her cancelled mortgage recognized and enforced. That mortgage was finally recognized by a decree of the Supreme Court of the State, rendered on the 11th of May, 1868.
The mortgage granted on the 2d of March 1855, was recorded on the 3d day of said month, and that inscription preserved its rank for ten years from the date on which it was recorded, and that was until the 3d of March 1865. Up to that date, its rank neither was nor could have been affected or changed by the fraudulent cancellation — but, from that date — did it preserve its rank, though not re-inscribed, for the reason, as contended by plaintiff’s counsel, that her rights now rest on the de-. cree of the 11th of May 1868, and not on the inscription, and that the litigation which produced that decree was — as to all interested parties— a standing and sufficient notice of the existence and rank of her mortgage ?
This case was — in 1871 — remanded from this court for a new trial and to ascertain whether — as alleged by plaintiff — the title of intervenors to the note which they hold, has been acquired after the institution of her suit to have her cancelled mortgage recognized and enforced.
That allegation was, not only not sustained, but absolutely contradicted on the new trial. '
Plaintiff’s mortgage — as already said — was recorded on the 3d of March 1855, and its cancellation fraudulently procured on the 8th of July 1857. It does not appear that she ever made an attempt to obtain a re-inscription which the Recorder might not have refused or could have been compelled to make ; and her suit to foreclose the same was filed on the 30th of March 1863, four years, eight months and twenty-two days after the fraudulent cancellation, two years after Isnard had acquired the note upon which he sues, and more than eighteen months after the transfer of the note which passed into Morel’s possession. It is clear — then—that plaintiff’s mortgage has perempted. C. C. (3333) *50 3369 — 2 A. 100,520,768,799 — 4 A. 396 — 5 A. 632, 321 — 7 A. 344 — 9 A. 193— 11 A. 390 — 12 A. 216 — 13 A. 571 — 13 L. R. 245 — 14 L. R. 103 — 6 R. R„ 166,419,522 — 21 A. 229 — 22 A. 402.
It is, therefore, ordered, adjudged and decreed that the judgment of the lower court is affirmed with costs.